Kurt D. Holzer (ISB No. 4557)
John T. Edwards (ISB No. 4210)
HOLZER, EDWARDS & HARRISON, CHARTERED
1516 W. Hays
Boise, Idaho 83702-5316
(208) 386-9119
Fax (208) 386-9195

U.S. COURTS

06 SEP -8 PM 1:40

REC'D_____ FILED_____
CAMERON S. BURKE
CLERK            IDAHO

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOWE VONBRETHORST, STEVE PATTERSON, individually and as reprsentatives of all other employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON COUNTY, IDAHO, WEISER AMBULANCE DISTRICT, and DIANA L. THOMAS, in her official capacity as Chairman of the Board of County Commissioners of Washington County, Idaho<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT** |

Plaintiffs complain and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Bowe Vonbrethorst is a resident of Washington County, State of Idaho. At all times material hereto, said Plaintiff has been an employee of Defendants.

**VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT -**
1

CK# 10940

2. Plaintiff Steve Patterson is a resident of Washington County, State of Idaho. At all times material hereto, said Plaintiff has been an employee of Defendants.

3. Defendant Washington County is a body corporate and politic of the State of Idaho.

4. Defendant Weiser Ambulance District is a political subdivision of the state of Idaho created pursuant to Idaho Code section 31-3901 et.seq.

5. Defendant Diana Thomas is the chairman of the Board of County Commissioners of Washington County and as such chairman of the Weiser Ambulance District and is sued in her official capacity as such.

6. The term "plaintiffs' employers" as used hereinafter refers to defendants and each of them both jointly and severally.

7. Plaintiffs' employers are subject to the provisions of the Fair Labor Standards Act of 1938 as amended 29 U.S.C. § 201, *et. seq* (the "FLSA")

8. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 201, *et. seq*. This court has appropriate pendant jurisdiction of the state law claim plead herein.

9. Venue is proper with this Court because the actions complained of herein took place in Washington County Idaho and is conferred by 29 U.S.C. § 216 and 29 U.S.C. § 1391.

10. Venue is proper in the Southern Division of the United States District Court for the District of Idaho pursuant to D.Id.L.Civ.R. 3.1..

11. The FLSA requires employers to make, keep and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review such records to ascertain and calculate accurate claims for damages.

12. Pursuant to Federal Rule of Civil Procedure 26(a)(1) and District of Idaho Local Rule 26.1, all employment records in possession of plaintiffs' employers must be produced to plaintiffs as part of defendants' initial disclosures.

## PLAINTIFFS HAVE A RIGHT TO UNPAID OVERTIME FOR WORK PERFORMED PRIOR TO OCTOBER 1, 2005 WHEN COMPENSATION WAS UNDERPAID DUE TO THE IMPROPER APPLICATION OF SECTION 7(K) OF THE FLSA

13. Plaintiffs' were employed as emergency medical technicians with plaintiffs' employers.

14. At all times relevant hereto plaintiffs' had the right to pay of one and one half times their regular rate for every hour worked in excess of forty hours in a week pursuant to section 7(a) of the FLSA.

15. Commencing on or about October 1, 2003, plaintiffs' employers asserted the right to apply section 7(k) of the FLSA to plaintiffs.

16. Application of the rules in section 7(k) of the FLSA to plaintiffs was improper and in violation of the FLSA.

17. At no time was section 7(k) applicable to plaintiffs.

18. Plaintiffs' employers' violations of the FLSA were willful because they knew the decision to apply the rules of section 7(k) was unlawful or they acted in reckless disregard as to whether their actions were unlawful.

19. The effect of Plaintiffs' employers' decision to apply section 7(k) to plaintiffs was to deprive plaintiffs of due and owing overtime pay.

20. Commencing about October 1, 2005, plaintiffs' employers ceased the improper application of section 7(k) to plaintiffs.

21. For any and/or all of the following reasons Section 7(k) never applied to plaintiffs:

    a. They never worked for an organized fire department or fire protection district;

    b. They never had the legal authority and the responsibility to engage in the prevention, control or extinguishment of fires;

    c. They never were trained in fire suppression;

    d. They did not perform activities required for and directly concerned with the prevention, control or extinguishment of fires;

    e. They never were members of a public body the was empowered to detect and prevent crime; and

    f. They do not have the power to arrest members of the public.

## PLAINTIFFS HAVE A RIGHT TO UNPAID REGULAR AND OVERTIME WAGES FOR TIME SPENT ON-CALL.

22. In addition to regular on the clock time, Plaintiffs' employers required plaintiffs to regularly be on-call.

23. Plaintiffs' time spent on call is time in which they are engaged to be waiting.

24. Plaintiffs have only been paid part of their regular hourly wage for time spent on-call.

25. Plaintiffs' time on-call away from the plaintiffs' employer's premises is so restricted that it interferes with plaintiffs' personal pursuits.

26. While on-call plaintiffs are expected to report to work immediately upon receiving a call.

27. Plaintiffs have no option and must respond to all calls received while scheduled on call.

28. Plaintiffs' response time is required to be less than five minutes.

29. Plaintiffs are subject to discipline for an untimely response.

30. Plaintiffs' time on-call is spent predominantly for the employer's benefit.

31. Plaintiffs cannot leave the city limits of Weiser while they are on-call.

32. Plaintiffs must monitor a hand-held radio while they are on-call.

33. Plaintiffs are called in on the majority of on-call shifts.

34. Plaintiffs are often called in more than once during an on-call shift.

35. Plaintiffs cannot easily trade scheduled shifts to avoid on-call shifts because of the limited number of co-employees.

VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT -
5

36. Due to the geographic and time restrictions imposed on plaintiffs while on-call, their ability to engage in personal pursuits is effectively limited.

## DEFENDANTS VIOLATED THE FAIR LABOR STANDARDS ACT

37. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth herein.

38. With respect to each Plaintiff's claims, the facts set out previously give rise to a cause of action under The Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), including 29 U.S.C. 207 and 29 C.F.R. §778.100 et seq.

39. Plaintiffs' employers employed each Plaintiff for workweeks longer than forty hours without compensating each Plaintiff at a rate not less than one and one-half times the regular rate at which each Plaintiff was employed.

40. With respect to each Plaintiff, Plaintiffs' employers have not compensated Plaintiffs for wages and/or overtime as required under the FLSA and its statutory subparts.

41. As a direct and proximate result of Plaintiffs' employers' statutory violations, each Plaintiff is entitled to damages allowed by statute, including those damages provided under 29 U.S.C. §216.

42. Plaintiffs' employers' failure to pay overtime pay to Plaintiffs, as well as Plaintiffs' employers' other violations of the FLSA, was and is "willful" within the meaning the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a).

43. Plaintiffs' employers did not act in good faith in failing to pay proper overtime pay and it had no reason to believe that its failure to do so was not a violation of the FLSA within the meaning of the Portal-to-Portal Pay Act, 29 U.S.C. § 260. Accordingly, Plaintiffs are entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to 29 U.S.C. § 216(b).

44. Plaintiffs bring their FLSA claims on behalf of themselves and any other similarly situated plaintiffs.

## WAGE CLAIM PURSUANT TO IDAHO LAW

45. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth fully herein.

46. With respect to each Plaintiff named herein, Plaintiffs' employers wrongfully withheld, diverted and/or refused to pay each Plaintiff wages due and owing in violation of Idaho Code §45-601 et seq., including without limitation violations of I.C., §45-608, and/or §45-609

47. As a direct and proximate result of Plaintiffs' employers' violations of I.C. §45-601 et seq., each Plaintiff has incurred damages including, but not limited to, loss of wages, costs and attorney's fees.

48. Pursuant to I.C. §45-601 et seq., specifically including I.C. §45-615, each Plaintiff is entitled to an award of all costs and attorney's fees reasonably incurred in connection with this action, together with an award for the unpaid wages plus damages

VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT -

in the amount of three (3) times the unpaid wages found due and owing, whichever is greater.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff prays for judgment against Defendant in an amount in excess of $100,000.00 as will sufficiently compensate each Plaintiff for damages received, along with reasonable costs, interest, attorney's fees and such other relief as the Court may deem appropriate, specifically including, but not limited to:

1. Back wages;

2. Unpaid overtime;

3. Statutory liquidated compensatory and other damages allowable under state and federal law;

4. Damages allowable pursuant to Idaho Code §45-601 et seq., specifically including I.C. §45-615, including attorney's fees, costs and treble damages;

5. All damages allowable under the Fair Labor and Standards Act of 1938, 29 U.S.C. § 201 et seq., and its statutory subparts, specifically including 29 U.S.C. §216;

6. Pre-judgment and post-judgment interest;

7. Reasonable attorney's fees and costs, including statutory attorney's fees and costs pursuant to I.C. §12-120, §45-615, and The Fair Labor and Standards Act of 1938, 29 U.S.C. §201 et. seq., specifically 29 U.S.C. §216(b);

8. Such other and further relief, including statutory, general and special relief, at law and in equity, to which each Plaintiff is justly entitled.

## DEMAND FOR JURY

Plaintiffs hereby demand a trial by jury on all matters so triable in this case.

DATED this _8th_ day of _September_, 2006

                HOLZER, EDWARDS & HARRISON, CHARTERED

                By_____
                Kurt D. Holzer, Of the Firm
                Attorneys for Plaintiff

## VERIFICATION AND CONSENT TO BE PARTY PLAINTIFF

STATE OF IDAHO            )
                          ) ss.
County of Washington      )

<u>BOWE VONBRETHORST</u>, being first duly sworn hereby deposes and says:

That I consent to be a plaintiff herein and that I have read the foregoing, know its contents, and that the same is true and correct, to the best of my knowledge and belief.

**Dated this** 7th **day of September, 2006.**

On this day personally appeared before me Bowe Vonbrethorst, to me known to be the individual described in and who executed the within instrument and acknowledged that she signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to before me this 7th day of September, 2006.

Notary Public for Idaho;
Residing at: _Weiser, Idaho_;
Commission expires: _08-25-2009_

**VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT -**
10

## VERIFICATION AND CONSENT TO BE PARTY PLAINTIFF

| | |
|---|---|
| STATE OF IDAHO | ) |
| | ) ss. |
| County of Washington | ) |

<u>STEVE PATTERSON,</u> being first duly sworn hereby deposes and says:

That I consent to be a plaintiff herein and that I have read the foregoing, know its contents, and that the same is true and correct, to the best of my knowledge and belief.

Dated this _7th_ day of September, 2006.

*[signature]*

On this day personally appeared before me Steve Patterson, to me known to be the individual described in and who executed the within instrument and acknowledged that she signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to before me this _7th_ day of September, 2006.

*[notary seal: HENRIETTA FORTIK, NOTARY PUBLIC, STATE OF IDAHO]*

Notary Public for Idaho;
Residing at: _Weiser, Id_;
Commission expires: _08-25-2009_

**VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT -**
11