Kurt D. Holzer (ISB No. 4557)
John T. Edwards (ISB No. 4210)
HOLZER, EDWARDS & HARRISON, CHARTERED
1516 W. Hays
Boise, Idaho 83702-5316
(208) 386-9119
Fax (208) 386-9195

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BOWE VONBRETHORST, STEVE PATTERSON, individually and as representatives of all other employees similarly situated, RONALD LOUIS MCDANIEL, JR. and LILLIE JANE "JANIE" LEWIS individually and as representative of all other employees similarly situated, | ) ) ) ) ) ) ) ) ) | Case No. 1:06-cv-00351-EJL.  **FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT** |
| Plaintiffs, | ) ) | |
| vs. | ) | |
| WASHINGTON COUNTY, IDAHO, WEISER AMBULANCE DISTRICT, and DIANA L. THOMAS, in her official capacity as Chairman of the Board of County Commissioners of Washington County, Idaho | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs complain and allege as follows:

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 1**

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Bowe Vonbrethorst is a resident of Washington County, State of Idaho.  At all times material hereto, said Plaintiff has been an employee of Defendants.

2.      Plaintiff Steve Patterson is a resident of Washington County, State of Idaho.  At all times material hereto, said Plaintiff has been an employee of Defendants.

3.      Plaintiffs Vonbrethorst and Patterson and all others similarly situated are herein after referred to as plaintiffs.

4.      Plaintiff Ronald McDaniel is a resident of Washington County, State of Idaho.  At all material times hereto, plaintiff has performed duties on a part-time basis for Defendants.

5.      Plaintiff Janie Lewis is a resident of Washington County, State of Idaho. At all material times hereto, plaintiff has performed duties on a part-time basis for Defendants.

6.      To differentiate Plaintiffs McDaniel and Lewis and others similarly situated from other plaintiffs they are referred to as "Part-Time Plaintiffs."

7.      Defendant Washington County is a body corporate and politic of the State of Idaho.

8.      Defendant Weiser Ambulance District is a political subdivision of the state of Idaho created pursuant to Idaho Code section 31-3901 et.seq.

9.      Defendant Diana Thomas is the chairman of the Board of County Commissioners of Washington County and as such chairman of the Weiser Ambulance District and is sued in her official capacity as such.

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 2**

10.    The term "plaintiffs' employers" as used hereinafter refers to defendants and each of them both jointly and severally.

11.    Plaintiffs' employers are subject to the provisions of the Fair Labor Standards Act of 1938 as amended 29 U.S.C. § 201, *et. seq* (the "FLSA")

12.    Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 201, *et. seq*. This court has appropriate pendant jurisdiction of the state law claim plead herein.

13.    Venue is proper with this Court because the actions complained of herein took place in Washington County Idaho and is conferred by 29 U.S.C. § 216 and 29 U.S.C. § 1391.

14.    Venue is proper in the Southern Division of the United States District Court for the District of Idaho pursuant to D.Id.L.Civ.R. 3.1..

15.    The FLSA requires employers to make, keep and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review such records to ascertain and calculate accurate claims for damages.

16.    Pursuant to Federal Rule of Civil Procedure 26(a)(1) and District of Idaho Local Rule 26.1, all employment records in possession of plaintiffs' employers must be produced to plaintiffs as part of defendants' initial disclosures.

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 3**

**PLAINTIFFS HAVE A RIGHT TO UNPAID OVERTIME FOR WORK PERFORMED
PRIOR TO OCTOBER 1, 2005 WHEN COMPENSATION WAS UNDERPAID DUE
TO THE IMPROPER APPLICATION OF SECTION 7(K) OF THE FLSA**

17.    Plaintiffs' were employed as emergency medical technicians with plaintiffs' employers.

18.    At all times relevant hereto plaintiffs' had the right to pay of one and on-half times their regular rate for every hour worked in excess of forty hours in a week pursuant to section 7(a) of the FLSA.

19.    Commencing on or about October 1, 2003, plaintiffs' employers asserted the right to apply section 7(k) of the FLSA to plaintiffs.

20.    Application of the rules in section 7(k) of the FLSA to plaintiffs was improper and in violation of the FLSA.

21.    At no time was section 7(k) applicable to plaintiffs.

22.    Plaintiffs' employers' violations of the FLSA were willful because they knew the decision to apply the rules of section 7(k) was unlawful or they acted in reckless disregard as to whether their actions were unlawful.

23.    The effect of Plaintiffs' employers' decision to apply section 7(k) to plaintiffs was to deprive plaintiffs of due and owing overtime pay.

24.    Commencing about October 1, 2005, plaintiffs' employers ceased the improper application of section 7(k) to plaintiffs.

25.    For any and/or all of the following reasons Section 7(k) never applied to plaintiffs:

a.      They never worked for an organized fire department or fire protection district;

b.      They never had the legal authority and the responsibility to engage in the prevention, control or extinguishment of fires;

c.      They never were trained in fire suppression;

d.      They did not perform activities required for and directly concerned with the prevention, control or extinguishment of fires;

e.      They never were members of a public body the was empowered to detect and prevent crime; and

f.      They do not have the power to arrest members of the public.

## PLAINTIFFS AND PART-TIME PLAINTIFFS HAVE A RIGHT TO UNPAID REGULAR AND OVERTIME WAGES FOR TIME SPENT ON-CALL.

26.      In addition to regular on the clock time, Plaintiffs' employers required plaintiffs and Part-Time Plaintiffs to regularly be on-call.

27.      Plaintiffs' and Part-Time Plaintiffs time spent on call is time in which they are engaged to be waiting.

28.      Plaintiffs and Part-Time Plaintiffs have only been paid part of their regular hourly wage for time spent on-call.

29.      Plaintiffs' and Part-Time Plaintiffs time on-call away from the plaintiffs' employer's premises is so restricted that it interferes with their personal pursuits.

30.      While on-call plaintiffs and Part-Time Plaintiffs are expected to report to work immediately upon receiving a call.

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 5**

31.     Plaintiffs and Part-Time Plaintiffs have no option and must respond to all calls received while scheduled on call.

32.     Plaintiffs' and Part-Time Plaintiffs' response time is required to be immediate.

33.     Plaintiffs and Part-Time Plaintiffs are subject to discipline for an untimely response.

34.     Plaintiffs' and Part-Time Plaintiffs' time on-call is spent predominantly for the employer's benefit.

35.     Plaintiffs and Part-Time Plaintiffs cannot leave the city limits of Weiser while they are on-call.

36.     Plaintiffs and Part-Time Plaintiffs must monitor a hand-held radio while they are on-call.

37.     Plaintiffs and Part-Time Plaintiffs are called in on the majority of on-call shifts.

38.     Plaintiffs and Part-Time Plaintiffs are often called in more than once during an on-call shift.

39.     Plaintiffs and Part-Time Plaintiffs cannot easily trade scheduled shifts to avoid on-call shifts because of the limited number of co-employees.

40.     Due to the geographic and time restrictions imposed on Plaintiffs and Part-Time Plaintiffs while on-call, their ability to engage in personal pursuits is effectively limited.

## DEFENDANTS VIOLATED THE FAIR LABOR STANDARDS ACT

41.     Plaintiffs and Part-Time Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth herein.

42.     With respect to each Plaintiff's and Part-Time Plaintiffs' claims, the facts set out previously give rise to a cause of action under The Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), including without limitation 29 U.S.C. 207 and 29 C.F.R. §778.100 et seq.

43.     Plaintiffs' employers employed each Plaintiff for workweeks longer than forty hours without compensating each Plaintiff at a rate not less than one and one-half times the regular rate at which each Plaintiff was employed.

44.     With respect to each Plaintiff and Part-Time Plaintiff, Plaintiffs' employers have not compensated Plaintiffs and Part-Time Plaintiffs for wages and/or overtime as required under the FLSA and its statutory subparts.

45.     As a direct and proximate result of Plaintiffs' employers' statutory violations, each Plaintiff and Part-Time Plaintiff is entitled to damages allowed by statute, including those damages provided under 29 U.S.C. §216.

46.     Plaintiffs' employers' failure to pay overtime pay to Plaintiffs, as well as Plaintiffs' employers' other violations of the FLSA, was and is "willful" within the meaning the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a).

47.     Plaintiffs' employers did not act in good faith in failing to pay proper overtime pay and it had no reason to believe that its failure to do so was not a violation of the FLSA within the meaning of the Portal-to-Portal Pay Act, 29 U.S.C. § 260.

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 7**

Accordingly, Plaintiffs are entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to 29 U.S.C. § 216(b).

48.     Plaintiffs' employers did not act in good faith in failing to pay Part-Time Plaintiffs proper pay and had no reason to believe that the failure to do so was not a violation of the FLSA within the meaning of the Portal-to-Portal Pay Act, 29 U.S.C. § 260. Accordingly, Part-Time Plaintiffs are entitled to an award of liquidated damages in an amount equal to the amount of unpaid e pay described above, pursuant to 29 U.S.C. § 216(b).

49.     Plaintiffs and Part-Time Plaintiffs bring their FLSA claims on behalf of themselves and any other similarly situated plaintiffs.

## WAGE CLAIM PURSUANT TO IDAHO LAW

50.     Plaintiffs and Part-Time Plaintiffs incorporate by reference all other paragraphs of this Complaint as if set forth fully herein.

51.     With respect to each Plaintiff and Part-Time Plaintiff named herein or subsequently joining in this litigation, Plaintiffs' employers wrongfully withheld, diverted and/or refused to pay each wages due and owing in violation of Idaho Code §45-601 et seq., including without limitation violations of I.C., §45-608, and/or §45-609

52.     As a direct and proximate result of Plaintiffs' employers' violations of I.C. §45-601 et seq., each Plaintiff and Part-Time Plaintiff has incurred damages including, but not limited to, loss of wages, costs and attorney's fees.

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 8**

53.     Pursuant to I.C. §45-601 et seq., specifically including I.C. §45-615, each Plaintiff and Part-Time Plaintiff is entitled to an award of all costs and attorney's fees reasonably incurred in connection with this action, together with an award for the unpaid wages plus damages in the amount of three (3) times the unpaid wages found due and owing, whichever is greater.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff and Part-Time Plaintiff prays for judgment against Defendant in an amount in excess of $100,000.00 as will sufficiently compensate each Plaintiff and Part-Time Plaintiff for damages received, along with reasonable costs, interest, attorney's fees and such other relief as the Court may deem appropriate, specifically including, but not limited to:

1.     Back wages;

2.     Unpaid overtime;

3.     Statutory liquidated compensatory and other damages allowable under state and federal law;

4.     Damages allowable pursuant to Idaho Code §45-601 et seq., specifically including I.C. §45-615, including attorney's fees, costs and treble damages;

5.     All damages allowable under the Fair Labor and Standards Act of 1938, 29 U.S.C. § 201 et seq., and its statutory subparts, specifically including 29 U.S.C. §216;

6.     Pre-judgment and post-judgment interest;

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 9**

7. Reasonable attorney's fees and costs, including statutory attorney's fees and costs pursuant to I.C. §12-120, §45-615, and The Fair Labor and Standards Act of 1938, 29 U.S.C. §201 et. seq., specifically 29 U.S.C. §216(b);

8. Such other and further relief, including statutory, general and special relief, at law and in equity, to which each Plaintiff is justly entitled.

### DEMAND FOR JURY

A trial by jury on all matters so triable in this case is demanded.

DATED this ___26th___ day of ___September___, 2006

HOLZER, EDWARDS & HARRISON, CHARTERED

By_____
 Kurt D. Holzer, Of the Firm
 Attorneys for Plaintiff

**FIRST AMENDED VERIFIED COMPLAINT FOR BACK WAGES UNDER THE FAIR LABOR STANDARDS ACT - 10**

# VERIFICATION AND CONSENT TO BE PARTY PLAINTIFF

Case Number 1:06-cv-00351-EJL.

STATE OF IDAHO                    )
                                 ) ss.
County of Ada                    )

<u>Lillie Janie Lewis,</u> being first duly sworn hereby deposes and says:

That I consent to be a plaintiff herein and that I have read the foregoing, know its contents, and that the same is true and correct, to the best of my knowledge and belief.

**Dated this 26 day of September, 2006.**

On this day personally appeared before me Lillie Jane Lewis to me known to be the individual described in and who executed the within instrument and acknowledged that she signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to before me this 26 day of September, 2006.

_____
Notary Public for Idaho;
Residing at:_____Boise, Id_____;
Commission expires: 11/25/11 .

# VERIFICATION AND CONSENT TO BE PARTY PLAINTIFF

Case Number 1:06-cv-00351-EJL.

STATE OF IDAHO                    )
                                 ) ss.
County of ADA                    )

RONALD LOUIS MCDANIEL, JR. being first duly sworn hereby deposes and says:

That I consent to be a plaintiff herein and that I have read the Complaint in Case Number foregoing, know its contents, and that the same is true and correct, to the best of my knowledge and belief.

**Dated this** 26 **day of September, 2006.**

On this day personally appeared before me Ronald Louis McDaniel, Jr, to me known to be the individual described in and who executed the within instrument and acknowledged that she signed and sealed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to before me this 26th day of September, 2006.

KURT D. HOLZER
NOTARY
PUBLIC
STATE OF IDAHO

Notary Public for Idaho;
Residing at: Boise              ;
Commission expires: 11/25/11 .