IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOWE VONBRETHORST, STEVE PATTERSON, individually and as representatives of all other employees similarly situtated, RONALD LOUIS MCDANIEL, JR. and LILLIE JANE "JANIE" LEWIS individually and as representative of all other employees similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, IDAHO, WEISER AMBULANCE DISTRICT, and DIANA L. THOMAS, in her official capacity as Chairman of the Board of County Commissioners of Washington County, Idaho,<br><br>            Defendants. | Case No. CV06-0351-SEJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the following motions: Defendant's motion for summary judgment regarding Plaintiffs Ronald Louis McDaniel, Jr., Lillie Jane "Janie" Lewis, Marla Egbert and Lindsay Marie Shrum (Docket No. 38); Defendant's motion for summary judgment (Docket No. 52); and Defendant's motion for summary judgment as to Plaintiffs' state wage claims (Docket No. 40).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional

process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## STATEMENT OF FACTS

Plaintiffs are emergency medical technicians (EMTs) employed by or volunteering for the Washington County Ambulance Service. Defendants are those entities and persons in their official capacities that Plaintiff claims were in control of the Ambulance Service.

The emergency medical service crew must consist of at least one paramedic and one EMT. Both of these individuals are necessary to properly provide the service. There is a 24-hour coverage requirement for each day of the week, requiring some employees to maintain an "on-call" status while not located on the work premises. For a 24-hour on-call shift, Plaintiffs were paid a $10 flat-fee, for a 12-hour shift, $5. If they were called in during this time, they were paid $5.15 an hour. Later, the call-in rate was increased to $8 an hour. Although Plaintiffs were compensated somewhat for their time spent on-call, they were not paid full-time wages. On this basis, Plaintiffs assert claims of unpaid overtime wages under the Fair Labor Standards Act, and applicable laws.

## STANDARD OF REVIEW

**I.  Summary Judgement**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private

Memorandum Decision and Order – 2

resources." *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The evidence must be viewed in the light most favorable to the non-moving party, *Anderson* at 255, and the Court must not make credibility findings.  *Id.*  Direct testimony of the non-movant must be believed, however implausible.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).  If the moving party successfully demonstrates a prima facie absence of genuine issues of material fact, the burden then shifts to the non-moving party to produce evidence sufficient to support a jury verdict in her favor.  *Id.* at 256-57.  The non-moving party must go beyond the pleadings and show "by [his or] her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists.  *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment."  *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel.*

*Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).  Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts."  *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## II.     Review of Letter Rulings

The Wage and Hour Division of the Department of Labor addressed the issue of whether individuals are volunteers or employees under the FLSA by letter rulings issued by its Administrator.  However, "[t]here is no statutory provision as to what, if any, deference courts should pay to the Administrator's conclusions." *Skidmore v. Swift & Co.*, 323 U.S. 134, 139 (1944).  Because these rulings "are not reached as a result of hearing adversary proceedings in which [the Administrator] finds facts from evidence and reaches conclusions of law from findings of fact," they are not conclusive, "even in the cases with which they directly deal, much less in those to which they apply only by analogy." *Id*.  However, these rulings "are made in pursuance of official duty, based upon more specialized experience and broader investigations and information than is likely to come to a judge in a particular case."  *Id*.  Thus, "the fact that the Administrator's policies and standards are not reached by trial in adversary form does not mean that they are not entitled to respect," and the Court should "consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Id.* at 140.

## ANALYSIS

The Fair Labor Standards Act (FLSA) requires an employer to pay a minimum wage for each hour it "employ[s]" an employee, as well as an overtime premium for hours in excess of forty per week.  *See* 29 U.S.C. §§ 206, 207, 213.  The Act is "remedial and humanitarian in purpose," and is meant to protect "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others." *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597 (1944).  As such, the FLSA should be broadly interpreted and applied to effectuate its goals.  *See Tony & Susan Alamo Found. v. Secretary of Labor,* 471 U.S. 290, 296 (1985).

## I.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS McDANIEL, LEWIS, EGBERT, & SHRUM (DOCKET 38)

Defendants move for summary judgment regarding Plaintiffs McDaniel, Lewis, Egbert, and Shrum, alleging that these Plaintiffs are not eligible for overtime compensation since they are exempt "volunteers" rather than "employees" under the FLSA.  Plaintiffs contend that they qualify as "employees" and are therefore entitled to overtime pay.  Under the FLSA, "'employ' [means] to suffer or permit to work." 29 U.S.C. § 203(g).  However, this definition was "not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another," nor should it be interpreted so as to "sweep under the Act each person who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, work[s] in activities carried on by other persons either for their pleasure or profit." *Walling v. Portland Terminal Co.,* 330 U.S. 148, 152 (1947).  For example, if an individual is a "volunteer" instead of an "employee," congress has created an exemption to the FLSA's coverage.  "[A]ny

individual who volunteers to perform services for a public agency" is exempt from FLSA coverage if:

> (i) the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual **volunteered**; and (ii) such services are not the same type of services which the individual is employed to perform for such public agency.

29 U.S.C. § 203(e)(4)(A) (emphasis added).  Thus, where a volunteer engages in services different from that, which he or she is employed to perform, and that volunteer receives little or no compensation therefore, such work is exempt from the FLSA.

A problem arises, however, since "volunteer" is nowhere defined in the FLSA. *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004).  Whether someone is an employee or a volunteer for purposes of the FLSA is a question of law to be determined by the court. *Id.* at 528; *Martin v. Selker Brothers, Inc.*, 949 F. 2d 1286, 1292 (3rd Cir. 1991); *Castillo v. Givens*, 704 F.2d 181, 185, (5th Cir 1983); *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984); *Morrison v. International Programs Consortiums, Inc.*, 253 F.3d 5, 10, note 3, (D.C. Cir. 2001); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 471 n.4 (11th Cir. 1982).  In making this determination, a court should refrain from examining the personal motivations of each individual worker. *Cleveland*, at 528.  Instead, the court must "look at the objective facts surrounding the services performed to determine whether the totality of the circumstances supports a holding that, under the statute and under the regulations, the non-paid regulars are volunteers." *Id.*

To assist the process, the Secretary of Labor issued a regulation defining the term:

> An individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise,

Memorandum Decision and Order – 6

>expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours.

29 C.F.R. § 553.101(a). In a subsequent section, the Secretary makes it clear that a volunteer is not completely without reimbursement, allowing "reimbursement for expenses, reasonable benefits, and nominal fees, or a combination thereof." 29 C.F.R. § 553.104(a). Also, in 29 C.F.R. § 553.101 the Secretary notes other defining qualities of volunteerism. That section states that a volunteer may not be coerced, and that a person is not considered a volunteer if the work is the same for which the individual is employed. *Id.* 553.101(b)-(d). The resulting definition of a "volunteer" requires four interrelated elements: a volunteer 1) must submit to the work voluntarily, without any coercion; 2) must perform the service, at least in part, for humanitarian reasons, 3) may only receive nominal fees and/or reimbursement for service provided; and 4) may not volunteer for the same type of work in which he or she is otherwise employed. All four elements are essential for a worker to maintain "volunteer" status. Elements 3) and 4) are the only issues contested in the parties' briefs, so the Court only need address the issues of nominal compensation and volunteering for the same work in which a worker is otherwise employed and will assume elements 1) and 2) have been established by Defendants.

A volunteer may only receive nominal fees for services provided. 29 CFR § 553.106(e). The Secretary of Labor explained, "[a] nominal fee is not a substitute for compensation and must not be tied to productivity. However, this does not preclude the payment of a nominal amount on a 'per call' or similar basis to volunteer firefighters." *Id.* Although Plaintiffs are not volunteer firefighters as §553.106(e) envisions, a similar analysis must apply. To hold otherwise would greatly undermine a potential volunteer EMT's incentive to perform a vital civic duty. Plaintiffs were reimbursed a flat fee for

each shift they covered and an additional hourly rate for time spent on a run.  Plaintiffs claim that such a reimbursement plan, paid by the shift length and on an hourly basis per run, is tied to productivity and therefore not nominal.  However, it is not clear that an hourly rate per run is, *per se*, tied to productivity.  The only case Plaintiffs cite as support for this assertion is *Krause v. Cherry Hill Fire Dist. 13*, 969 F. Supp. 270 (D. N.J. 1997).  However, the firefighters in *Krause* were paid exclusively by the hour, not per call.  Also, *Krause* turned on the fact that the firefighters initially earned eight to nine dollars per hour as employees (greater than a mere nominal fee), but then lost pay in the District's effort to make the firefighters look like volunteers.  *See id.* at 277-78.  Even viewing the evidence in the light most favorable to Plaintiffs, the "per call" basis weighs more in favor of Defendants as not being tied to productivity.

       The other relevant consideration to whether Plaintiffs' compensation was just a nominal fee is the "Twenty Percent Test" established in the Department of Labor's Wage and Hour Opinion Letter FLSA2007-3NA (proffered by Defendants as Exhibit A).  The letter states, "So long as the City's calculations are based on an approximation of the prevailing wages of a driver or firefighter within its area and the fee amount does not exceed 20 percent of that driver or firefighter's wages for the same services, the Department would find that such a fee would be nominal within the meaning of 29 C.F.R. § 553.106."  Viewing the evidence in the light most favorable to Plaintiffs, the Court must apply this test and assume that the inverse also holds—compensation in excess of twenty percent removes volunteer status.  Defendants concede that Plaintiffs' on-call compensation was above twenty percent of full-time employees' pay for the same

Memorandum Decision and Order – 8

on-call shift.[1] Defs.' Mem. in Supp. Dkt. 38, at 17. This undisputed evidence weighs in favor of Plaintiffs McDaniel, Lewis, Egbert, and Shrum.

Additionally, Plaintiffs' pay scale was only at the level of EMT-Basics, while full-time employees were at least at the level of EMT-Intermediates. Even without considering Plaintiffs' hourly rates of pay while on a run (which far exceed twenty percent of full-time employees' pay), the varying pay scale weighs in favor of Plaintiffs considering that they received more than twenty percent in spite of their lower employment qualifications and experience. Viewing the evidence in the light most favorable to Plaintiffs, the Court must rule that 21% pay was not a nominal fee. Even if *Krause*'s "economic realities" test (Defs.' Mem. in Supp. Dkt. 38, at 10) does not apply to agency relationships like that between Plaintiffs and Defendants, Plaintiffs' compensation was too high to support a finding that they were volunteer EMTs. Since element 3) of nominal compensation is not met, the Court need not address the fourth element of whether Plaintiffs were volunteering for the same type of work in which they were otherwise employed. As a matter of law, the Court finds that Plaintiffs McDaniel, Lewis, Egbert, and Shrum do not satisfy all four elements to be considered exempt from the FLSA requirements as volunteers. Consequently, Defendants' Motion for Summary Judgment regarding Plaintiffs McDaniel, Lewis, Egbert, and Shrum (Docket No. 38) will be denied.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' STATE WAGE CLAIMS (DOCKET 40)

Defendants move for partial summary judgment regarding Plaintiffs' State wage claims, alleging that Plaintiffs are not entitled to additional wages under Idaho law. Plaintiffs respond that they were denied wages for their on-call time.

---

[1] Defendants concede that Plaintiffs McDaniel, Lewis, Egbert, and Shrum earned $.42 per hour on-call, versus the $2 hourly rate that full-time employees earned. This $.42 is 21% of the $2.00 full-time rate.

Plaintiffs have sufficient standing to bring State wage claims. Since the Court has already ruled that Plaintiffs are "employees" as defined under the FLSA (and State law is even less specific than federal law), the same analysis will apply as a matter of State law, as Defendants requested in their initial brief. Defs.' Mem. in Supp. Dkt. 40, at 6. Thus, to view the evidence in the light most favorable to Plaintiffs, Defendants' claim fails regarding Plaintiffs' standing to bring the State wage claims, as Plaintiffs have already been determined to be "employees" rather than "volunteers" for the purposes of both federal and State law.

Still, Plaintiffs have presented no evidence to support issues of material fact regarding their State wage claims. Plaintiffs' response brief in opposition to Defendants' motion for summary judgment does not address Defendants' case law examples regarding interpretation of Idaho Code § 45-609 (their brief does not mention § 45-609 at all). Plaintiffs have provided no evidence to sustain a cause of action based exclusively on an employer's mere *failure* to compensate, rather than *withholding* of wages, as Idaho case law has required. See *Stevenson v. T R Video, Inc.*, 112 Idaho 1081 (1987); *Wood v. Quali-Dent Dental Clinics*, 107 Idaho 1020 (1985); *Smith v. Johnson's Mill*, 96 Idaho 760 (1975) (all concerning withholding of agreed-upon wages). Even if the employer has the burden to pay what is owed as Plaintiff suggests, Pls.' Mem. in Opp. Dkt. 60, at 2, Plaintiff has provided no evidence to demonstrate that Defendants were even on notice that there was a dispute in wages prior to the filing of the present action. To the contrary, Widner's testimony and Exhibit D allege that Plaintiff Patterson "would sign all employees' salary claims, ***including his own salary claims***, as Department Head." Widner Aff. ¶ 11 at 4, Jan. 7, 2008. If Plaintiff Patterson had not been satisfied with his

Memorandum Decision and Order – 10

wages prior to filing the present action, he should have alerted Defendants at the time he signed for his own salary claims.

Further, Plaintiffs do not rebut Defendants' argument or Sharon Widner's testimony regarding Idaho Code § 45-608, either.  Section 45-608 is entitled "Pay Periods—Penalty" and clearly discusses timeframes for payment, *see* Idaho Code § 45-608, yet Plaintiffs have provided no evidence that Defendants were untimely in their payment.  Instead, Plaintiffs seek to establish a new, independent cause of action extending § 45-608 to any claim of an employer's failure to compensate an employee.  Both parties agree that § 45-608 is clear and unambiguous in its meaning.  Pls.' Mem. in Opp. Dkt. 60, at 2; Defs.' Mem. in Supp. Dkt. 40, at 2.  The Court finds that allowing claims arising out of any disputed wages would extend far beyond the scope of the language of § 45-608, and the Court declines Plaintiffs' request to establish a new cause of action.  Plaintiffs have provided no evidence to support an issue of material fact to support a State wage claim.  As such, Defendants' Motion for Summary Judgment as to Plaintiffs' State Wage Claims (Docket No. 40) will be granted.

### III.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF PATTERSON (DOCKET 52)

Defendants move for summary judgment on the grounds that Plaintiff Patterson qualifies as an exempt executive employee under the FLSA.  Plaintiff contends that he is a non-exempt hourly employee.  To support their conclusion that Plaintiff Patterson qualifies as an exempt executive employee under FLSA § 207(a)(1), Defendants provide the four factors listed in the 2004 amendment to 29 C.F.R. § 541.100.  As Defendants argue, all four of these factors "must be satisfied for an employee to be considered an executive:"

>    (1) Compensated on a salary basis at a rate of not less than $455 per week;
>    (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>    (3) Who customarily and regularly directs the work of two or more other employees; and
>    (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R § 541.100.  Plaintiffs' brief collapses factors (3) and (4) as subsections under factor (2), so the Court will primarily focus on the dispute between factors (1) and (2).

To meet the first requirement, an employee must receive "a predetermined amount constituting all or part of his compensation, which is not subject to reduction because of variations in the quality or quantity of work performed."  29 C.F.R. § 541.118; 29 C.F.R. § 541.602.  Under the Public Agency Regulation exception,

> An employee of a public agency ***who otherwise meets the salary basis requirements***. . .shall not be disqualified from exemption. . .on the basis that such employee is paid according to a pay system established by. . .a policy or practice established pursuant to principles of public accountability, ***under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced. . .when accrued leave is not used by an employee*** because: (1) Permission for its use has not been sought or has been sought and denied; (2) Accrued leave has been exhausted; or (3) The employee chooses to use leave without pay.

29 C.F.R. § 541.710 (emphasis added).  Defendants cite *Service Employees Int'l Union, Local 102 v. County of San Diego*, 60 F.3d 1346 (9th Cir. 1995), which invalidated the salary requirement for public sector employees prior to the 1992 enactment of § 541.710, but § 541.710 governs all public employees since then.

In the present case, whether or not Plaintiff Patterson's pay was subject to principles of public accountability and could be docked from uncompensated leave is irrelevant.  Rather, the issue of whether or not Plaintiff Patterson was "salaried" rests entirely on whether Patterson "otherwise meets the salary basis requirements."  29 C.F.R.

Memorandum Decision and Order – 12

§ 541.710.  In this case, the issue is whether there was "a predetermined amount constituting all or part of his compensation."  29 C.F.R. § 541.118; 29 C.F.R. § 541.602.  Viewing the evidence in the light most favorable to Plaintiffs, Defendants have provided no evidence that any such predetermined amount existed.  Instead, Sharon Widner's own affidavit exhibit OO shows a pure hourly calculation including overtime as recently as the week ending March 4, 2006.  Widner Aff. Dkt. 46 Ex. OO, Nov. 6, 2007.  While it is still possible that Plaintiff Patterson qualifies as an exempt executive for the purposes of the FLSA, a genuine issue regarding a material fact exists that precludes summary judgment.  Since factor (1) is not met, the Court need not address factor (2) of Plaintiff Patterson's managerial duties.  As such, Defendants' motion for summary judgment (Docket No. 52) will be denied.

## IV. DEFENDANTS' REQUEST FOR ORAL ARGUMENT OR TO AUGMENT THE RECORD (DOCKET 80)

Also pending before the Court is the Defendant's Request for Oral Argument or in the Alternative, Request to Augment the Record (Dkt. 80).  Defendants request oral argument based on Defendants' interpretation of the Court's Memorandum Decision and Order (Dkt. 79). "Defendants believe that they could provide additional and more accurate information to the Court to help clarify some of those issues." The Plaintiffs do not object to the request for oral argument, but object to the alternative request to augment the record as the exhibits attached to the affidavit of counsel are already part of the record in this matter.  The Court finds the request for oral argument as well the request to augment the record are unnecessary.  The Court has reviewed the Memorandum Decision and Order and does not find oral argument is necessary to clarify any issues or factual matters in this case and that the record already contains the facts and

documents counsel references in his affidavit. Therefore, the Defendant's Request for Oral Argument or in the Alternative, Request to Augment the Record (Dkt. 80) is denied.

### ORDER

In accordance with the Memorandum and Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that Defendants' Motion for Summary Judgment Regarding Plaintiffs McDaniel, Lewis, Egbert, and Shrum (Docket No. 38) is DENIED; that Defendants' Motion for Summary Judgment as to Plaintiffs' State Wage Claims (Docket No. 40) is GRANTED; that Defendants' Motion for Summary Judgment (Docket No. 52) is DENIED; and that Defendants' Request for Oral Argument or to Augment the Record (Docket No. 80) is DENIED.

The Court reminds the parties of the Court's previous Order, Docket No. 71, which requires the parties to mediate this matter within eight (8) weeks of the Court's ruling on the summary judgment motions. The trial remains set for October 28, 2008.

DATED: **July 15, 2008**

Honorable Edward J. Lodge
U. S. District Judge