IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOWE VONBRETHORST, STEVE PATTERSON, individually and as representatives of all other employees similarly situtated, RONALD LOUIS MCDANIEL, JR. and LILLIE JANE "JANIE" LEWIS individually and as representative of all other employees similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON COUNTY, IDAHO, WEISER AMBULANCE DISTRICT, and DIANA L. THOMAS, in her official capacity as Chairman of the Board of County Commissioners of Washington County, Idaho,<br><br>　　　　　　Defendants. | Case No. CV06-0351-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion for Reconsideration and/ or Clarification (Docket No. 86) of Defendants' original Motion for Summary Judgment (Docket No. 52). The Plaintiffs filed a response to the motion to reconsider. No reply was filed by Defendants.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Memorandum Decision and Order – 1**

## STANDARD OF REVIEW

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

**Memorandum Decision and Order – 2**

## STATEMENT OF FACTS

The Court will rely on the statement of facts recited in Docket No. 85, Memorandum Decision and Order.

## ANALYSIS

Defendants' Motion for Summary Judgment (Dkt. 52) requested summary judgment regarding all Plaintiffs on the grounds that: 1) Plaintiff Patterson qualifies as an exempt employee for the purposes of the FLSA, and 2) the other non-exempt employees engaged in personal activities while on-call.  As already established in the Court's initial Memorandum Decision and Order (Dkt. 85), issues of material fact remain as to whether Plaintiff Patterson qualifies as an exempt employee.  If Plaintiff Patterson qualifies as an exempt employee, he cannot receive Plaintiffs' requested compensation.  Nonetheless, even if Plaintiff Patterson is non-exempt, summary judgment can still be appropriate if the conditions of on-call time for all non-exempt employees would preclude on-call time from being compensable.  *See Owens v. Local 169, Ass'n of Western Pulp and Paper Workers*, 971 F.2d 347 (9th Cir. 1992); *Berry v. County of Sonoma*, 30 F.3d 1174 (9th Cir. 1994).

The Supreme Court has held that time spent waiting for work is compensable if the waiting time is spent "primarily for the benefit of the employer and his [or her] business." Armour & Co. v. Wantock, 323 U.S. 126, 132 (1944).  "Whether time is spent predominately for the employer's benefit [is] dependent upon all the circumstances of the case." *Id.* at 133.  Courts have dealt with the issue of whether waiting time is primarily for the benefit of the employer using a two-prong inquiry: (1) the degree to which the employee is free to engage in personal activities; and (2) the agreements between the parties.  *Owens*, 971 F.2d at 350.

**Memorandum Decision and Order – 3**

First, the likelihood that on-call time is not compensable corresponds to the level of freedom employees have to engage in personal activities during on-call time. The *Owens* court listed seven factors for this first prong of its analysis:

> (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time. Such a list is illustrative, not exhaustive. No one factor is dispositive.

*Owens*, 971 F.2d at 351. In the instant action, the Court has already discussed these seven factors at length in its Memorandum Decision and Order (Dkt. 79) denying Plaintiffs' Motion for Summary Judgment (Dkt. 14). This Court agrees with Defendants that the employees on call were free to engage in some personal activities. However, the Court also found the ability to engage in personal activities was impacted by the factors of geographical restrictions, frequency of calls, and restrictiveness of response times and these factors weighed in favor of Plaintiffs. In applying the seven listed factors, the Court found that enough issues of material fact remained to make summary judgment inappropriate.

Defendants' affidavits in the present motion do not eliminate those issues of material fact. Rather, some of Defendants' own arguments only further augment those fact issues already addressed in Plaintiffs' motion. For instance, in *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529 (10th Cir. 1991), the court determined that three to five calls per twenty-four hour period (an approximate average of one call every five to eight hours) was unduly restrictive. In the present action, Plaintiff McDaniel received eleven calls in 108 hours on-call, or an average of one call every 9.8 hours. (Def.'s Br. 23, Dkt. 52). To argue that this frequency is not unduly restrictive, Defendants cite *Berry*'s finding that an average of one call per 6.45 hours was not by itself

**Memorandum Decision and Order – 4**

dispositive. (Def.'s Br. 22, Dkt. 52). However, *Berry* is easily distinguishable because the coroners in that case had no required response time, unlike the plaintiffs in the present action. *See Berry*, 30 F.3d at 1186. Even if one call every 6.45 hours is not unduly restrictive for coroners, one call every 9.8 hours for EMTs could be. Plaintiff McDaniel received the most frequent average of calls during the four week period between July 30, 2006 and August 26, 2006, but this is a legitimate issue of fact remaining to be considered for all plaintiffs. Consequently, Defendants' Motion for Reconsideration of Defendants' original Motion for Summary Judgment must be denied.

## ORDER

In accordance with the Memorandum and Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that Defendants' Motion for Reconsideration and/or Clarification (Docket No. 86) is DENIED.

DATED:  **August 12, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**Memorandum Decision and Order – 5**